UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| OTIS CARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:24-cv-02081-MMM |
| | ) | |
| ARBANAL, and others, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, proceeding pro se from Hill Correctional Center, pursues claims for violations of his constitutional rights pursuant to 42 U.S.C. §1983. Plaintiff has been granted leave to proceed without prepayment of fees.

A. <u>Motion to Request Counsel</u>

Plaintiff requests Court assistance in finding an attorney. The Seventh Circuit recently summarized the legal standard for Plaintiff's request as follows:

> Under 28 U.S.C. § 1915(e)(1), a federal court "may request an attorney to represent any person unable to afford counsel." The statute is "entirely permissive." *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). Civil litigants have no constitutional or statutory right to court-appointed counsel, and § 1915(e)(1) "does not authorize the federal courts to make coercive appointments of counsel." *Id.* at 653 (quoting *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 310, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989)). Rather, the statute "codifies the court's discretionary authority to recruit a lawyer to represent an indigent civil litigant *pro bono publico*." *Id.*

> "Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). "District courts are thus placed in the unenviable position of identifying, among a sea of people lacking counsel, those who need counsel the most." *Id.*

Accordingly, we have recently explained that "the decision whether to recruit a lawyer for a particular plaintiff is made against the twofold backdrop of a high volume of indigent, pro se litigants (particularly incarcerated individuals) and a small pool, by comparison, of attorneys willing and able to take those cases on pro bono." *Watts v. Kidman*, 42 F.4th 755, 763 (7th Cir. 2022). Based on these and other practical considerations, we have held that district judges should engage in a two-step inquiry when faced with a request for pro bono counsel under § 1915(e)(1), asking first "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654.

The first step needs no elaboration. Step two "can be complex" and involves a pragmatic judgment about the difficulty of the case and the plaintiff's ability to present it to the court on his own. *Watts*, 42 F.4th at 760. "The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Pruitt*, 503 F.3d at 655. A judge will normally consider "the plaintiff's literacy, communication skills, educational level, and litigation experience" along with any evidence in the record "bearing on the plaintiff's intellectual capacity and psychological history." *Id.* But these are merely factors that are ordinarily relevant. No one factor is "necessary or conclusive." *Id.* at 655 n.9. Indeed, "[t]here are no fixed requirements for determining a plaintiff's competence to litigate his own case." *Id.* at 655. Ultimately, the "inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question." *Id.*

Finally, "the decision whether to recruit pro bono counsel is left to the district court's discretion." *Id.* at 654. Our job is to ensure that this discretion is exercised in accordance with appropriate legal principles. The "question on appellate review is not whether we would have recruited a volunteer lawyer in the circumstances, but whether the district court applied the correct legal standard and reached a reasonable decision based on facts supported by the record." *Id.* at 658.

*Jones v. Anderson*, 116 F.4th 669, 675-76 (7th Cir. 2024).

Here, first, Plaintiff has not shown a reasonable attempt to obtain counsel on his own. This is normally demonstrated by filing documents indicating the plaintiff has written to several attorneys asking for assistance, without success.

As to the second inquiry, Plaintiff's claims are not factually difficult; he alleges he was deprived of his property without due process and alleges he was subjected to humiliation. He has personal knowledge of his claims and can testify to what he experienced. Plaintiff will have the opportunity to request trial subpoenas if the case progresses to that stage. Plaintiff's claims are also not particularly legally difficult, though all federal litigation is difficult to a degree. Plaintiff's pleadings are clear. They are coherent and well organized. Plaintiff has some high school education. There is no information before the Court that indicates Plaintiff is mentally impaired to the extent that he cannot represent himself. An attorney with a professional staff would certainly be helpful to Plaintiff, but unfortunately, staff, office space, and running a law firm all require that the work the lawyers and staff do is financially viable. Here, looking at Plaintiff's abilities compared with the many other unrepresented litigants who ask for help finding a free lawyer, the Court finds Plaintiff can continue representing himself.

B. <u>Merit Review Order</u>

The Court must "screen" Plaintiff's amended complaint, and, through such process, identify and dismiss any legally insufficient claim. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* The Court accepts the factual allegations as true, liberally

construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

1. Facts

Plaintiff alleges that on 1/20/24 he was arrested for possession of meth in Arcola Illinois. Defendant Arcola Police Officer Arbanal seized Plaintiff's property including a Jeep, tools, luxury luggage, jewelry, and photos. Arbanal did not inventory Plaintiff's property. All of Plaintiff's jewelry is missing, all his clothes are missing, and his Louis Vuitton luggage is missing along with his tools and family photos. Plaintiff had four debit cards with him at the time of arrest and all four "came up missing." They were in Plaintiff's pocket at the time Arbanal arrested him, and Arbanal had the debit cards in his possession after arresting and searching Plaintiff. Plaintiff's debit cards were used while Plaintiff was in custody.

While Plaintiff was being searched at the Douglas County Jail, after his arrest, Officer Arbanal stood behind Plaintiff making sexual gestures. Arbanal also repeatedly commented that he was going to fuck Plaintiff. Plaintiff was provided video evidence of this to use for court, by the Jail Administrator.

Another incident occurred on 3/9/24 where Officer Wilham of Douglas County accidentally provided Plaintiff with the wrong mental health medicine. Plaintiff suffered symptoms and Wilham was disciplined.

2. Analysis

The Federal Rules of Civil Procedure require that the plaintiff submit a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that the essential function of a complaint under the civil rules … is to put the defendant on notice of the plaintiff's claim. *Ross Brothers Const. Co., Inc, v. International Steel Services, Inc.*, 283 F.3d 867, 872 (7th Cir. 2002) (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)). While it is not necessary for a plaintiff to plead specific facts, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2007) (citing *Twombly,* 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

The Court finds as follows.

Plaintiff's allegations regarding the loss of his property state a claim for deprivation of property without due process of law. In *Sorrentino v. Godinez*, 777 F.3d 410, 413 (7th Cir. 2015), the Seventh Circuit affirmed dismissal of a prisoner's lawsuit to recover "just compensation" for certain property taken by prison officials. The Seventh Circuit based its ruling on *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 (1985). *Williamson* held that "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Id.* at 195. The *Sorrentino* court found that Illinois had a post-

deprivation process to seek compensation, and, until that process was completed unsuccessfully, the claim could not proceed in federal court. However, in 2019, the Supreme Court overruled *Williamson*, finding that a "property owner has suffered a violation of his Fifth Amendment rights when the government takes his property without just compensation, and therefore may bring his claim in federal court under § 1983 at that time." *Knick v. Twp. of Scott, Pennsylvania*, 588 U.S. 180, 185 (2019) (overruling *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985)); *see also Conyers v. City of Chicago*, 10 F.4th 704, 711 (7th Cir. 2021) (assessing merits of takings clause claim in jail context, in light of *Knick*). Plaintiff states a claim against Arbanal and the City of Arcola based on these allegations.

Plaintiff also states a claim against Arbanal for sexually humiliating actions. *See King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015) (quoting *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009)).

As to Plaintiff's allegations that Defendant Wilham gave him the wrong medication, these claims are dismissed for improper joinder. "A prisoner may join Defendants in the same action only if the claims against each one 'aris[e] out of the same transaction, occurrence, or series of transactions or occurrences ….'" *Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018) (quoting Fed. R. Civ. P. 20(a)(2)). "Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). "To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may

present claim #1 against Defendant A, and claim #2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.'" *Wheeler*, 689 F.3d at 683 (quoting Rule 20(a)(1)(A)). Simply occurring at the same facility at the same general period is insufficient. The allegations instead must be related to one another as arising from the same common core of operative facts. "[D]istrict courts should not allow inmates to flout the rules for joining claims and Defendants, see Fed. R. Civ. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).

The Seventh Circuit "target[s] for dismissal 'omnibus' complaints—often brought by repeat players—that raise claims about unrelated conduct against unrelated Defendants." *Mitchell*, 895 F.3d at 503. "[J]udges may sever unrelated claims into separate suits (rather than dismiss the claims) if the statute of limitations has otherwise lapsed." *Morris v. Kulhan*, 745 F. App'x 648, 649 (7th Cir. 2018). A judge acts within his or her discretion by dismissing, instead of severing, a claim when the two-year statute of limitations has not expired and the plaintiff is thus free to commence a new action. *Morris*, 745 F. App'x at 649. Here Plaintiff's allegations relate to occurrences in Spring 2024. The two-year statute of limitations has not elapsed. If Plaintiff wants to pursue this claim he must do so in a separate lawsuit.

Plaintiff's allegations do not state a claim against Defendant Douglas County or Defendant Tuscola Police Department.

IT IS THEREFORE ORDERED:

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff states a claim for deprivation of property without due process against Defendants Arbanal and the City of Arcola. Clerk to add the City of Arcola as a Defendant. Plaintiff also states a claim against Arbanal for humiliating and sexualized behavior toward Plaintiff who was in custody at the time. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15. Clerk to terminate all parties aside from Arbanal and City of Arcola.

2. Plaintiff's Motion to Request Counsel [5] is DENIED.

3. Plaintiff's Motions for Status [11], [12], [15], [16] are MOOT.

4. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for the named Defendants before filing any motions, to give notice to said Defendants and an opportunity to respond to those motions. Motions filed before counsel has filed an appearance on behalf of Defendants will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

5. The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by the Defendants. Therefore, no response to the answer is necessary or will be considered.

6. With respect to a named Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive

electronic notice of any motion or other paper filed by Plaintiff with the clerk. Plaintiff does not need to mail copies of motions and other papers to defense counsel that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. Plaintiff must mail discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8. Defense counsel is hereby granted leave to depose Plaintiff and shall arrange the time for the deposition.

9. Plaintiff shall immediately notify the Court, in writing, of any change in mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Entered this 3rd day of January, 2025.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE